**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re:**<br><br>**Beedy, Todd**<br><br>**Debtor.** | <br><br>**Bankruptcy Case No. 25-60141**<br>**Chapter 13** |

# NOTICE OF MOTION AND MOTION TO MODIFY CHAPTER 13 PLAN PRE-CONFIRMATION

The Debtor hereby moves to modify the Chapter 13 plan in the above referenced case.

The Court will hold a hearing on Confirmation of the Chapter 13 Plan on **August 28, 2025 at 10:00am**. The hearing will be conducted telephonically.

Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

Pursuant to Local Rule 3015-1(e)(3), any objection to a modified plan filed preconfirmation shall be filed and served not later than 48 hours prior to the time and date set for the confirmation hearing.

**UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

Dated: July 25, 2025

BULIE DIAZ LAW OFFICE
Attorneys for Debtors
305 S. 4th Street Suite A
Grand Forks, ND 58201
Phone: (701) 298-8748
Fax: (701) 775-9101

By: */e/ SARA E. DIAZ*
Sara E. Diaz #0394832
sara@bulielaw.com

Local Form 3015-1 (1/22)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Beedy, Todd

Case No. 25-60141
CHAPTER 13 PLAN ■ Modified
Dated: July 15, 2025

Debtor.
*In a joint case, debtor means debtors in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ■ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ■ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ■ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $750.00.

2.2 After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $250.00 | 07/2025 | 11/2025 | $1,250.00 |
| $500.00 | 12/2025-*(Vehicle pay off)* | 04/2026 | $2,500.00 |
| $1,100.00 | 05/2026-*(Wells pay off)* | 03/2030 | $51,700.00 |
| | | TOTAL: | **$56,200.00** |

2.3 The minimum plan length is ☐ 36 months or ■ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

2.4 The debtor will also pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| $20,000.00 | 12/2025 | 12/2025 | $20,000.00 |
| $20,000.00 | 12/2026 | 12/2026 | $20,000.00 |
| $20,000.00 | 12/2027 | 12/2027 | $20,000.00 |
| $20,000.00 | 12/2028 | 12/2028 | $20,000.00 |
| $20,000.00 | 12/2029 | 12/2029 | $20,000.00 |
| | | TOTAL: | **$100,000.00** |

2.5 The debtor will pay the trustee a total of **$156,200.00**. [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or **$15,620.00.** [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of property |
|---|---|---|
| 4.1 | None | |

**Part 5. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | Wells Fargo Bank | Homestead; Moorhead Minnesota |
| 5.2 | JP Morgan Chase Auto | 2019 Subaru Outback |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

| | Creditor | Amount of default | Monthly payment | Beginning in mo./yr. | # of payments | Remaining Payments | + *amount paid to date by Trustee (mod plan only)* | Total payments |
|---|---|---|---|---|---|---|---|---|
| 6.1 | Wells Fargo Bank | $28.00 | $28.00 | 05/2025 | 1 | $0.00 | N/A | $28.00 |
| | | | | | | | TOTAL: | $28.00 |

**Part 7. CLAIMS IN DEFAULT (§§ 1322(b)(3) AND (5) AND 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 7.1 | None | | | | | | | | |
| | | | | | | | | TOTAL: | |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| | Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Begin-ning in mo./yr. | Monthly payment | # of Pay-ments | Remaining payments | + *amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8.1 | None | | | | ☐ | | | | | | |
| | | | | | | | | | | TOTAL: | |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. Secured Claim amount | Int. Rate | Adq. Pro. | Begin-ning in mo./yr. | Monthly payment | # of Pmts | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 9.1 | First Community Credit Union – **See Part 16.2** | $200,000.00 | 7% | ☐ | 12/2025 | $17,162.10 | 1 | $196,837.90 | N/A | $85,810.52 |
| | | | | | 12/2026 | $17,162.10 | 1 | $193,454.45 | | |
| | | | | | 12/2027 | $17,162.10 | 1 | $189,834.15 | | |
| | | | | | 12/2028 | $17,162.10 | 1 | $185,960.44 | | |
| | | | | | 12/2029 | $17,162.10 | 1 | $181,815.57 | | |
| | | | | | | | | | TOTAL: | $85,810.52 |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Bulie Diaz Law Office | $6,250.00 | 04/2025 | $197.00 | 1 | $6,053.00 | N/A | $6,250.00 |
| | | | 05/2025 | $225.00 | 7 | $4,478.00 | | |
| | | | 12/2025 | $1,287.90 | 1 | $3,190.10 | | |
| | | | 01/2026 | $450.00 | 4 | $1,390.10 | | |
| | | | 05/2026 | $990.00 | 1 | $400.10 | | |
| | | | 06/2026 | $400.10 | 1 | $0.00 | | |
| 10.2 | MN Dept. Rev *Sales Taxes (Red River Subs)* | $4,991.91 | 06/2026 | $225.00 | 15 | $1,616.91 | N/A | $4,991.91 |
| | | | 09/2027 | $686.05 | 1 | $930.86 | | |
| | | | 10/2027 | $930.86 | 1 | $0.00 | | |
| 10.3 | ND Dept Rev *Sales Taxes (Red River Subs)* | $12,215.85 | 06/2026 | $364.00 | 1 | $11,851.85 | N/A | $12,215.85 |
| | | | 07/2026 | $765.00 | 5 | $8,026.85 | | |
| | | | 12/2026 | $1,602.90 | 1 | $6,423.95 | | |
| | | | 01/2027 | $765.00 | 8 | $303.95 | | |
| | | | 09/2027 | $303.95 | 1 | $0.00 | | |
| 10.4 | Internal Revenue Service, estimated POC | $1,750.60 | 10/2027 | $59.14 | 1 | $1,691.46 | N/A | $1,750.60 |
| | | | 11/2027 | $990.00 | 1 | $701.46 | | |
| | | | 12/2027 | $701.46 | 1 | $0.00 | | |
| | | | | | | | TOTAL: | $25,208.36 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| | Creditor | Claim amount | Beginning in mo./yr | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 11.1 | None | | | | | | | |
| | | | | | | | TOTAL: | |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured claims including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. All following entries are estimates.

| | Creditor | Unsecured claim amount | Interest rate | Beginning in mo./yr. | Monthly payment | # of pay-ments | Remaining payments | *+ amount paid to date by Trustee (mod plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| 12.1 | None | | | | | | | | |
| | | | | | | | | TOTAL: | |

**Part 13. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately **$29,533.12**. [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].
13.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $0.00
13.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 8 and 9) are $206,010.87.
Total estimated unsecured claims are **$206,010.87.** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property<br>(*including the complete legal description of real property*) |
|---|---|---|
| 15.1 | None | |

**Part 16**. **NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| 16.1 | Debtor's Tax Refunds: The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments. |
| 16.2 | First Community Credit Union has a fully secured claim of $200,000.00 against the Debtor's homestead which was pledged as collateral for the business loan of Red River Subs, Inc. Debtor also personally guaranteed the debt, which has an estimated total balance (including the $200,000 mortgage) of approximately $395,000.00 on the date of filing. On the date of confirmation, the secured claim of $200,000.00 shall be treated in Part 9 of the plan and amortized over 20 years at a rate of 7% (20 Year treasury rate plus 2.356%). Payments pursuant to Part 9.1 shall be paid to the Trustee on or before December 31, 2025 and each December 31st thereafter through December 31, 2029.<br><br>This claim shall balloon on or before March 31, 2030. The balloon payment shall be made directly to First Community Credit Union. Debtor may prepay this claim without penalty.<br><br>Debtor will fund this balloon payment either from a refinance from another institution or a lump sum payment from retirement funds. If the Debtor refinances the secured claim during the plan term, the Debtor reserves the right to amend the plan to modify the payments to First Community Credit Union, which may include reduction or removal of the annual payments in Part 2.4. If the secured claim is not refinanced or additional household income is not earned on or before the Part 2.4 payments are due to the trustee, the payment in Part 2.4 will be funded by exempt retirement funds of the Debtor.<br><br>Upon full satisfaction of First Community Credit Union's secured claim, all mortgages of record shall be released against the Debtors homestead.<br><br>First Community Credit Union's unsecured claim shall be treated pursuant to Part 13 of the Plan. Upon receipt of the discharge order in this case, all judgments of record against the Debtor shall be released. |
| 16.3 | Pursuant to the attached liquidation analysis (Exhibit A), Debtor shall pay no less than $15,147.07 to unsecured priority and unsecured nonpriority creditors in this Plan. |

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
|---|---|
| Payments by trustee [Part 3] | $15,620.00 |
| Home mortgages in default [Part 6] | $28.00 |
| Claims in default [Part 7] | $ |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ |
| Secured claims excluded from § 506 [Part 9] | $85,810.52 |
| Priority claims [Part 10] | $25,208.36 |
| Domestic support obligation claims [Part 11] | $ |
| Separate classes of unsecured claims [Part 12] | $ |
| Timely filed unsecured claims [Part 13] | $29,533.12 |
| TOTAL (must equal line 2.5) | $156,200.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: ______________________
Attorney for debtor

Signed: Owner 1049 (Jul 23, 2025 06:35:43 CDT)
Todd Beedy

Beedy, Todd

**Liquidation Analysis**

25-60141
Chapter 13

| Description of Asset: | Value: | Secured Claim | Cost of Sale | Spouse's 50% Interest | Net Asset Value | Exempt Amount | Non-exempt Value |
|---|---|---|---|---|---|---|---|
| Homestead, jointly owned with non-filing spouse | $ 440,000.00 | $ 213,160.00 | $ 13,200.00 | $ 106,820.00 | $ 106,820.00 | $ 106,820.00 | **$ -** |
| 2019 Subaru Outback | $ 13,950.00 | $ 3,756.00 | $ - | $ - | $ 10,194.00 | $ 10,000.00 | **$ 194.00** |
| Edward Jones IRA | $ 257,279.72 | $ - | $ - | $ - | $ 257,279.72 | $ 257,279.72 | **$ -** |
| Bell Bank ending 1927 | $ 280.00 | $ - | $ - | $ - | $ 280.00 | $ 280.00 | **$ -** |
| Bell Bank ending #6080 | $ 3,621.41 | $ - | $ - | $ - | $ 3,621.41 | $ 1,095.00 | **$ 2,526.41** |
| Lixely Health Savings Account | $ 9,000.00 | $ - | $ - | $ - | $ 9,000.00 | $ 9,000.00 | **$ -** |
| Term Life Insurance, No cash value | $ - | $ - | $ - | $ - | $ - | $ - | **$ -** |
| Prudential Whole Life Insurance | $ 25,743.00 | $ - | $ - | $ - | $ 25,743.00 | $ 10,800.00 | **$ 14,943.00** |
| Red River Subs, Inc. - No value | $ - | $ - | $ - | $ - | $ - | $ - | **$ -** |
| Clothing & Wearing Apparel | $ 200.00 | $ - | $ - | $ 200.00 | $ - | $ 200.00 | **$ -** |
| Electronics | $ 1,250.00 | $ - | $ - | $ 625.00 | $ 625.00 | $ 625.00 | **$ -** |
| Household Goods | $ 900.00 | $ - | $ - | $ 450.00 | $ 450.00 | $ 450.00 | **$ -** |
| Lawn Equipment/Tools | $ 150.00 | $ - | $ - | $ 150.00 | $ - | $ 150.00 | **$ -** |
| Dog | $ 5.00 | $ - | $ - | $ 5.00 | $ - | $ 5.00 | **$ -** |
| Bike & Treadmill | $ 120.00 | $ - | $ - | $ 120.00 | $ - | $ 120.00 | **$ -** |
| Lawn mower, snow blower | $ 70.00 | $ - | $ - | $ 70.00 | $ - | $ 70.00 | **$ -** |
| | | | | | | | |
| | | | | | | **TOTAL NON-EXEMPT VALUE:** | **$ 17,663.41** |
| | | | | | | Less: Chapter 7 Liquidation Fees: | **$ 2,516.34** |
| | | | | | | Net Liqudation Value: | **$ 15,147.07** |
| | | | | | | Priority Claims: | **$ 18,958.36** |
| | | | | | | Liquidation Value to Unsecured Creditors: | **$ -** |