**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Todd Beedy

Debtor.

Chapter 13
Case No. 25-60141

---

**NOTICE OF HEARING AND MOTION TO APPROVE SALE OF SHARES IN RED RIVER SUBS, INC.**

---

Todd Beedy (the "Debtor") moves this Court (the "Motion") for an order approving the sale of shares in Red River Subs, Inc. (the "Company") pursuant to 11 U.S.C. § 363.

**JURISDICTION**

1. The Court will hold a hearing on this Motion on **Tuesday, March 31, 2026, at 9:30 a.m.** The hearing will be held telephonically. Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

2. Any response to this Motion must be filed and served **not later than Thursday, March 26, 2026,** which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

3. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bank. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The case is now pending in this court.

4. This motion arises under 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004. This motion is filed under Fed. R. Bankr. P. 9013 and Local Rules 9013-1.

## BACKGROUND FACTS

5. On March 20, 2025, the Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate the Company pursuant to § 1304 of the Bankruptcy Code.

4. The Debtor is owner of 100% of the shares in Red River Subs, Inc., a North Dakota corporation (the "Company").

5. The Company has separately filed Case #24-30010 (District of North Dakota) under Subchapter V of Chapter 11 of the Bankruptcy Code and confirmed a Plan of Reorganization on June 13, 2024.

6. Based on a search of "Todd Beedy" in the records of the Minnesota Secretary of State, there are no creditors who have filed a UCC-1 Financing Statement covering the Debtor's interest in the Company's shares.

## PROPOSED SALE AND USE OF PROCEEDS

7. The Debtor proposes to sell 100% of the shares in the Company to Kiley Benson, whose address is 1317 2nd St. NE., Minneapolis, MN 55413 ("Buyer").

8. As consideration for the sale, Buyer shall assume total operational control of the Company and its debt obligations, including with respect to the Company's

bankruptcy case. Buyer's assumption of this liability is acknowledged as reasonably equivalent value in exchange for the Shares due to the Company's financial exigency and status as debtor in his own active bankruptcy case.

9. A copy of the Stock Purchase Agreement is filed in conjunction with this motion as **Exhibit A**.

## LEGAL STANDARD FOR APPROVAL

10. Bankruptcy Code § 363(b)(1) provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." §105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

11. A sale of the Debtor's assets should be authorized pursuant to § 363 of the Bankruptcy Code if a sound business purpose exists for doing so. See *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996), citing In re Schipper, 933 F.2d 513, 515 (7th Cir. 1991); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (Bankr. W.D. Pa. 1991); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991).

12. The business judgment test in the context of § 365 "is not an onerous one," but the Court must be satisfied that the decision is in the best interest of the estate. *Citizens Nat'l Bank v. Selma Properties, Inc. (In re Crystalin, LLC), 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003)*. Where otherwise supported by sound business judgment, the Court

should not interfere with the debtor's decision except upon finding bad faith or a gross abuse of discretion. *Id*. (citing *Lubrizol Enter., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985)).

13. Here, the Debtor will be benefitted by being relieved of responsibility for the Company. The Debtor intends to continue to perform under his Chapter 13 Plan and believes that his continued performance under the Chapter 13 Plan will be enhanced by the sale of the Company. For this reason, the Debtor believes that the sale is in the best interests of the creditors of his bankruptcy estate.

## REQUESTED RELIEF

Based on the foregoing, the Debtor respectfully requests that the Court issue an Order authorizing the sale of 100% of the shares in the Company to Kiley Benson pursuant to the terms of the Stock Purchase Agreement filed with this Motion as Exhibit A.

Dated: March 16, 2026. Ahlgren Law Office, PLLC

/e/ Erik A. Ahlgren
Atty. No. 191814 (MN)
Ahlgren Law Office, PLLC
220 West Washington Ave, Ste 105
Fergus Falls, MN 56537
218-998-2775
erik@ahlgrenlawoffice.net
ATTORNEYS FOR DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Todd Beedy

Chapter 13
Case No. 25-60141

Debtor.

---

**ORDER APPROVING**
**SALE OF SHARES IN RED RIVER SUBS, INC.**

---

This Chapter 13 case came on for hearing before the Court on the Debtor's motion for an order approving the sale of shares in Red River Subs, Inc. (the "Company"). Based on the record before the court,

IT IS HEREBY ORDERED:

The Debtor is authorized to sell his shares consisting of a 100% interest in the Company to Kiley Benson pursuant to the terms of the Stock Purchase Agreement filed as Exhibit A to the Debtor's motion.

Dated:

____________________________________
William J. Fisher
United States Bankruptcy Judge

**EXHIBIT A**

# STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement (as it may be amended or supplemented from time to time, this "Agreement"), dated as of [DATE] is entered into between KILEY BENSON ("Buyer)", an individual, natural person domiciled in the State of Minnesota, and TODD BEEDY ("Seller"), an individual natural, person domiciled in the State of Minnesota, in his capacity as sole shareholder of Red River Subs, Inc. ("the Company"), a North Dakota Corporation with a principal address located at 300 Broadway Avenue North, Fargo, North Dakota, 58102.

## RECITALS

**Whereas,** the Company operates three franchised restaurant locations under the trade name Ebert and Gerbert's pursuant to certain franchise agreements.

**Whereas,** the Company is the debtor in Chapter 11, subchapter v small business reorganization case currently pending as case no. 24-30010 in the United States Bankruptcy Court for the District of North Dakota, Fargo District.

**Whereas,** Seller owns 100% of the issued and outstanding shares of stock of Red River Subs, Inc. ("the Shares").

**Whereas,** Seller is the debtor in a Chapter 13 of the Bankruptcy Code currently pending as case number 25-60141 in the United States Bankruptcy Court for the District of Minnesota and a date of filing on 03/20/2025.

**Whereas,** Buyer desire to acquire the Shares and to assume the complete ownership and operational control of the Company.

**Whereas,** the Parties intend that Buyer shall assume the obligations of the Company as debtor in possession as provided herein.

Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

**NOW, THEREFORE**, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, for the terms herein, the parties agree as follows:

## ARTICLE I
## PURCHASE AND SALE

**1.01 Purchase and Sale.** Subject to the terms and conditions set forth herein, at the Closing, Seller shall sell, assign, transfer, and convey to Buyer, free and clear of all Encumbrances, for the consideration specified in Section 1.02.

**1.02 Consideration.** On the Closing Date, Buyer shall assume total operational control of the Company and its debt obligations, including with respect to Company's bankruptcy case. Buyer's assumption of this liability is acknowledged as reasonably equivalent value in exchange for the Shares due to the Company's financial exigency and status as debtor in possession in active bankruptcy case.

## ARTICLE II
## CLOSING

**2.01 Closing.** Subject to the terms and conditions of this Agreement, the purchase and sale of the Shares contemplated hereby shall take place at such other time or on such other date or at such other place or by such means as Seller and Buyer may mutually agree upon in writing (the day on which the Closing takes place being the "Closing Date"). At closing, Seller shall deliver stock certificates or transfer instruments and cease all operational control and claim to ownership. Buyer shall assume the same.

## ARTICLE III
## REPRESENTATIONS AND WARRANTIES

**3.01 Seller's Representation and Warranties.** Seller represents and warrants to the Buyer as of the date hereof and as of the Closing Date as follows: (1) Company is corporation duly organized, validly existing, and in good standing under the

Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

laws of North Dakota, (2) Seller maintains requisite corporate power and authority to execute this Agreement and any documents or instruments related hereto, and to consummate this transaction on behalf of the Company subject to bankruptcy court approval and does not require further formal corporate nor shareholder action to validly bind the Company to the terms herein, (3) the Shares are validly issued and are free and clear of any liens and encumbrances and transfer of the shares is effective and rightful and composes the entirety of the outstanding stock issued as of the date hereto and as of the Closing Date, (4) other than those listed in the bankruptcy plan, petition, and schedules, and the Disclosure Schedule attached hereto, Company has no undisclosed liabilities or debts, as defined in the Bankruptcy Code, (5) other than those listed in the bankruptcy plan, petition, and schedules, and in the Disclosure Schedule attached hereto, Company is not a party to any other executory contract, deal, agreement, lease, performance obligations, (6) Company has all licenses, permits, approvals, authorizations, and consents of all Government Entities required for the conduct of the business as presently conducted, (7) Company maintains insurance coverage that the requirements of any franchise parent or any federal, state, or local law or regulation and no claims are currently pending nor does cause exist for a claim to be forthcoming, (8) Company faces no pending claims nor litigation outside of the bankruptcy cases nor does cause exist for a valid claim or litigation, (9) Company is currently in compliance with all state labor, fiduciary, and worker's compensation laws, (10) Company owns all the assets disclosed on the Schedules A/B of the bankruptcy petition and as amended or modified on the Disclosure Schedule attached hereto, (11) Company maintains a classification as an S-Corp under the Internal Revenue Code.

**3.02 Buyer Representations and Warranties.** Buyer represents and warrants to Seller as of the date hereof and as of the Closing Date as follows: (1) he is duly authorized to enter into this transaction under all applicable laws, and (2) he

possesses the operational capability and requisite experience to take control of Company's operations as of the Date of Closing.

**3.03 Expiration.** The representations and warranties contained herein shall survive through the Closing Date. The right to make a claim thereunder or respect thereto for breach arising before the Closing Date but discovered after the Closing Date shall survive eight (8) months beyond the Closing Date.

**ARTICLE IV**

**COVENANTS**

**4.01 Seller's Covenants.** From the date hereof until the Closing Date, Seller Shall: (1) use best efforts to make available all requested documents and information as provided in the Disclosure Schedule within five [5] business days following the date hereof, and allow Buyer access to all company organizational documents, records, books, physical locations and property and spaces therein, ledgers, accounts, and internal documents and software, including tax and accounting documents within three [3] business days, (2) operate the Company in the ordinary course, (3) preserve intact the Company and maintain its business relationships and goodwill with employees, suppliers, and service providers, (4) maintain good status and shall take no action to terminate the Company's status as an S-Corporation under the Internal Revenue Code, (5) Not do any of the following: (a) make a change to issued stock or amendment to operating documents; (b) purchase, sell, lease, let lapse, exchange, or otherwise dispose of or acquire any material property or assets or expenditures, outside the ordinary course of business; (c) modify, terminate or cancel an material contract or real property lease without consent of Buyer; (d) create, incur, or forgive any material indebtedness or otherwise make or forgive any material loans, advances, guarantees, contributions, or investments in any person; (e) except as required by Law, increase the compensation or benefits of any Personal, grant any bonus or incentive compensation award to any personnel, or enter into any contract with

Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

any personnel regarding his employment, compensation, severance, or benefits which increases or enhances such personnels compensation, severance or benefits or adopt, amend or terminate any Benefit Plan; (f) issue any additional stock or transfer any stock currently existing to any other entity besides Buyer; (g) make any material changes in the levels of materials or supplies used in the conduct of the Company or engage in any practice to accelerate the collection of any accounts receivable or delay payment of any accounts payable or other liabilities or otherwise manage cash in a manner similar to any of the foregoing; (h) enter into any legal contract regarding the foregoing; (i) incur no arrears under the Subchapter V plan except as provided in the Disclosure Schedule.

**4.02. Buyer's Covenants.** From the date herein, Buyer shall: (1) use best efforts to comply with any requested act necessary to effectuate the terms of this Agreement, (2) shall not hold liable Seller for the performance of the Company in the marketplace and in the chapter 11 plan after the Closing Date, except as provided herein, and (3) shall not seek any remedy against Seller for any disclosed debt or obligation.

**4.03. Disclosure Schedule.** The parties shall cooperate to timely to complete a Disclosure Schedule.

## ARTICLE V
## TERMINATION

**5.01 Mutual Consent.** This Agreement may be terminated by mutual consent of the parties.

**5.02 Material misrepresentation or breach.** Seller and Buyer may terminate this agreement for any misrepresentation or breach that could be material. "Material" means a reasonable person would reconsider the transaction considering the misrepresentation or breach.

Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

## ARTICLE VI
## CLOSING CONDITIONS

**6.01 Bankruptcy Court Approval.** Closing is conditioned upon obtaining requisite approval from the bankruptcy court(s).

**6.02 Franchise Consent.** Closing is conditioned upon receipt of required consents from any franchise parent.

## ARTICLE VII
## REMEDIES AND INDEMNIFICATION

**7.01 By Seller.** Except as expressly provided by law, Seller shall indemnify and hold harmless Buyer for any personal liability for claims relating to the Company arising from the time prior to Closing Date, and for any claims not disclosed, and for any consequences to Buyer for Seller's failure to observe corporate or legal formalities required to effectuate the terms herein.

**7.02 By Buyer.** Except as expressly provided by law, Buyer shall indemnify and hold harmless Seller for any personal liability for claims relating to the Company arising after the Closing Date.

## ARTICLE VIII
## MISCELLANEOUS

**8.01 Governing Law.** This Agreement shall by governed under the laws of the State of Minnesota.

**8.02 Entire Agreement; Amendments.** This Agreement constitutes the entire agreement between the Parties. This Agreement may be amended only in writing.

**8.04 Electronic means.** A signed copy of this Agreement, any amendment or other agreement related thereto, may be executed electronically delivered by

facsimile, e-mail or other means of electronic transmission and shall be deemed to have the same legal effect as an original signature.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the date first written above by their respective officers thereunto duly authorized.

**By:**______________________________ Owner 1049 (Mar 12, 2026 15:20:30 CDT)
**Todd Beedy**
**As sole shareholder and authorized agent of Red River Subs, Inc., Seller**

**By:** Kiley Benson______________________________ Mar 10 2026 13:09 CST
**Kiley Benson**
**Buyer**

# SELLER DISCLOSURES

1. Profit and Loss (1/1/26-3/4/26)
2. Balance Sheet as of March 4, 2026
3. Accounts Payable Report



Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

# Profit and Loss

## Red River Subs, Inc

January 1-March 4, 2026

| DISTRIBUTION ACCOUNT | TOTAL |
|---|---|
| Income | |
| Sales | 209,131.20 |
| **Total for Income** | **$209,131.20** |
| Cost of Goods Sold | |
| Cost of goods sold | 72,857.84 |
| **Total for Cost of Goods Sold** | **$72,857.84** |
| **Gross Profit** | **$136,273.36** |
| Expenses | |
| Business licenses | 1,340.00 |
| Customer Refund | 4.52 |
| Employee benefits | $4,232.50 |
| Officers' life insurance | 483.75 |
| **Total for Employee benefits** | **$4,716.25** |
| General business expenses | |
| Bank fees & service charges | 45.00 |
| **Total for General business expenses** | **$45.00** |
| Insurance | 2,743.04 |
| Interest paid | |
| Credit card interest | 445.90 |
| **Total for Interest paid** | **$445.90** |
| Office expenses | |
| Merchant account fees | 10,499.60 |
| Software & apps | 4,597.56 |
| **Total for Office expenses** | **$15,097.16** |
| Payroll expenses | $925.85 |
| Salaries & wages | 51,976.27 |
| **Total for Payroll expenses** | **$52,902.12** |
| Sales Taxe Paid | 10,623.65 |
| Taxes paid | |
| Payroll taxes | 17,908.11 |
| **Total for Taxes paid** | **$17,908.11** |
| Unemployment Insurance | 269.84 |
| Utilities | $7,027.93 |
| Phone service | 1,703.52 |
| **Total for Utilities** | **$8,731.45** |
| **Total for Expenses** | **$114,827.04** |
| **Net Operating Income** | **$21,446.32** |
| Other Expenses | |
| Franchise fees | 15,904.84 |



Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

# Profit and Loss

## Red River Subs, Inc

January 1-March 4, 2026

| DISTRIBUTION ACCOUNT | TOTAL |
|---|---|
| Penalties & settlements | 362.34 |
| Storage | 472.20 |
| Vehicle expenses | 1,713.25 |
| **Total for Other Expenses** | **$18,452.63** |
| **Net Other Income** | **-$18,452.63** |
| **Net Income** | **$2,993.69** |



Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

# Balance Sheet

## Red River Subs, Inc

As of March 4, 2026

| DISTRIBUTION ACCOUNT (*Deposits flow into operating account) | TOTAL |
|---|---|
| Assets | |
| Current Assets | |
| Bank Accounts | |
| FARGO 25TH ST - 1 | -21,859.89* |
| FARGO BROADWAY - 1 | -5,443.02* |
| MOORHEAD - 1 | -15,228.09* |
| OPERATING ACCOUNT - 1 | 5,191.96 |
| **Total for Bank Accounts** | **-$37,339.04** |
| **Total for Current Assets** | **-$37,339.04** |
| Fixed Assets | |
| Vehicles | 771.53 |
| **Total for Fixed Assets** | **$771.53** |
| **Total for Assets** | **-$36,567.51** |
| Liabilities and Equity | |
| Liabilities | |
| Current Liabilities | |
| Other Current Liabilities | |
| Payroll wages and tax to pay | -3,974.87 |
| Short-term business loans | -3,889.06 |
| **Total for Other Current Liabilities** | **-$7,863.93** |
| **Total for Current Liabilities** | **-$7,863.93** |
| Long-term Liabilities | |
| Long-term loans from shareholders | 15,000.00 |
| **Total for Long-term Liabilities** | **$15,000.00** |
| **Total for Liabilities** | **$7,136.07** |
| Equity | |
| Opening balance equity | 13,371.63 |
| Shareholders' equity | |
| Contributions | 10,000.00 |
| **Total for Shareholders' equity** | **$10,000.00** |
| Retained Earnings | -70,068.90 |
| Net Income | 2,993.69 |
| **Total for Equity** | **-$43,703.58** |
| **Total for Liabilities and Equity** | **-$36,567.51** |



Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

**RED RIVER SUBS, INC.**

| Vendor | Due 3/6 | Due 3/13 | Due 3/20 | Due 3/27 | Due 4/1 |
|---|---|---|---|---|---|
| Sysco | $6,044.02 | $8,767.44 | $7,366.48 | | |
| Coca Cola | | $1,172.08 | $400.22 | $878.27 | $547.77 |
| Insurance | | $1,371.52 | | | |
| | | | | | |
| **Estimated Expenses*** | | | | | |
| Payroll | | $13,600.00 | | $13,500.00 | |
| Payroll Tax | | $3,200.00 | | $3,200.00 | |
| Health Insurance | | | | | $2,216.25 |
| Sales Tax ND | | | | | $4,200.00 |
| Sales Tax MN | | | $3,500.00 | | |
| Utilities | | $1,100.00 | | $1,100.00 | $1,000.00 |
| Revel POS | | | | | $1,500.00 |
| Royalties | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | |
| | | | | | |
| Landlords (Buyer has knowledge of amounts owing Landlords) | | | | | |
| | | | | | |
| Outstanding Sales Tax** | | | | | |
| ND | $17,886.26 | | | | |
| MN | $3,753.54 | | | | |

*This accounts payable listing has been prepared from the records made available as of 3-5-26. It may not represent a complete or exhaustive list of all obligations of the business. Additional liabilities may exist that are not included in this schedule.

**Amounts from websites and may fluctuate dependent on sales tax received, etc.

Zoho Sign Document ID: 2CB9E7EC-N1J5IUWYCI5B6LBBPDRFRUJEOGQZMMPX50ZC_MHPCXK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:<br>TODD BEEDY,<br>DEBTOR | CASE NO: 25-60141<br>**DECLARATION OF MAILING CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 3/16/2026, I did cause a copy of the following documents, described below,

NOTICE OF HEARING AND MOTION TO APPROVE SALE OF SHARES IN RED RIVER SUBS, INC.

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/16/2026

/s/ Erik A. Ahlgren
Erik A. Ahlgren MN 191814
Attorney for Debtor
Ahlgren Law Office, PLLC
220 West Washington Ave., Suite 105
Fergus Falls, MN 56537
218-998-2775
jill@ahlgrenlawoffice.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

TODD BEEDY,
DEBTOR

CASE NO: 25-60141

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 3/16/2026, a copy of the following documents, described below,

NOTICE OF HEARING AND MOTION TO APPROVE SALE OF SHARES IN RED RIVER SUBS, INC.

for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/16/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Erik A. Ahlgren
Ahlgren Law Office, PLLC
220 West Washington Ave., Suite 105
Fergus Falls, MN 56537

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-60141
DISTRICT OF MINNESOTA
MON MAR 16 9-59-0 PST 2026

~~EXCLUDE~~

~~(U)WELLS FARGO BANK NA~~

FERGUS FALLS ST PAUL
200 WARREN E BURGER FEDERAL BUILDING AND
U S COURTHOUSE
316 N ROBERT ST
ST PAUL MN 55101-1495

AMERICAN EXPRESS
PO BOX 981540
EL PASO TX 79998-1540

AMEX
PO BOX 981540
EL PASO TX 79998-1540

DFI 300 BROADWAY LLC
210 BROADWAY N STE 300
FARGO ND 58102-4771

EIGHTH STREET INVESTMENTS LLC
409 5TH ST NW
DILWORTH MN 56529-1600

FIRST COMMUNITY CREDIT UNION
111 9TH STREET SW
PO BOX 2075
JAMESTOWN ND 58402-2075

FIRST COMMUNITY CREDIT UNION
310 10TH ST SE
PO BOX 2180
JAMESTOWN ND 58402-2180

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA PA 19101-7346

JP MORGAN CHASE AUTO
PO BOX 901003
FT WORTH TX 76101-2003

JPMORGAN CHASE BANK NA
NATIONAL BANKRUPTCY DEPARTMENT
PO BOX 29505 AZ1-5757
PHOENIX AZ 85038-9505

MINNESOTA DEPARTMENT OF REVENUE
600 NORTH ROBERT STREET
SAINT PAUL MN 55101

MINNESOTA DEPARTMENT OF REVENUE
PO BOX 64447 BKY
ST PAUL MN 55164-0447

NORTH DAKOTA OFFICE OF STATE TAX COMMISSIONE
600 EAST BOULEVARD AVENUE
DEPARTMENT 127
BISMARCK ND 58505-0552

PROVIDENT PARTNERS LLC
PO BOX 9377
FARGO ND 58106-9377

US SMALL BUSINESS ADMINISTRATION
JOHN W BAKER ATTORNEY
721 19TH ST SUITE 426
DENVER CO 80202-2517

US TRUSTEE
1015 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

UNITED STATES ATTORNEY
600 US COURTHOUSE
300 S 4TH ST
MINNEAPOLIS MN 55415-3070

WELLS FARGO BANK NA
ATTENTION BANKRUPTCY DEPARTMENT
MAC N9286-01Y
DEFAULT DOCUMENT PROCESSING
PO BOX 1629
MINNEAPOLIS MN 55440-1629

(P)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

ZIMNEY FOSTER PC
3100 S COLUMBIA RD SUITE 200
GRAND FORKS ND 58201-6062

~~EXCLUDE~~

~~ERIK A AHLGREN~~
~~AHLGREN LAW OFFICE PLLC~~
~~220 W WASHINGTON AVE~~
~~STE 105~~
~~FERGUS FALLS MN 56537-2569~~

KYLE CARLSON
CHAPTER 13 TRUSTEE
PO BOX 519
BARNESVILLE MN 56514-0519

SARA E DIAZ
UNITED STATES BANKRUPTCY COURT
655 1ST AVE NORTH
SUITE 210
FARGO ND 58102-4932

DEBTOR

TODD BEEDY
4434 4TH STREET S
MOORHEAD MN 56560-6750